

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 1 2 2014

CLERK, U.S. DISTRICT COURT
By _____
Deputy

JOSEPH M. BELSON, §
§
              Petitioner, §
§
v. § No. 4:13-CV-045-A
§
WILLIAM STEPHENS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
§
              Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28
U.S.C. § 2254 filed by petitioner, Joseph M. Belson, a state
prisoner currently incarcerated in the Correctional Institutions
Division of the Texas Department of Criminal Justice (TDCJ),
against William Stephens, Director of (TDCJ), respondent. After
having considered the pleadings, state court records, and relief
sought by petitioner, the court has concluded that the petition
should be denied.

## I.  Procedural History

On September 29, 2005, a jury found petitioner guilty of
burglary of a habitation with intent to commit sexual assault
(Count One) and burglary of a habitation with intent to commit

assault (Count Two) in the 396th District Court of Tarrant County, Texas, Case No. 0991786R. State Habeas R. 102, Ex parte Belson, No. WR-78,215-01. The Second Court of Appeals of Texas reversed and vacated the trial court's judgment as to Count Two on double jeopardy grounds and reversed and remanded the case for a new trial on Count One. Clerk's R. 10-17. On remand, a jury found petitioner guilty of burglary of a habitation, and the trial court assessed his punishment at 50 years' confinement. State Habeas R. 104, WR-78,215-01. On his second appeal, the Second Court of Appeals affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused his petition for discretionary review. Pet. 3, ECF No. 1; *Belson v. State*, PDR No. 875-09. Petitioner also sought postconviction state habeas relief to no avail. State Habeas R. cover, Ex parte Belson, No. WR-78,215-01.

The evidence at trial reflects that petitioner was discovered in the house of the female victim in the early morning hours of November 2, 2004, and that he attempted to engage in sexual contact with her. The victim later picked petitioner out of a photographic lineup. Petitioner denied that he broke into the victim's house or attempted to have nonconsensual sexual contact with her. *Id*. 108-119.

2

## II.  Issues

Petitioner initially raised two issues for habeas relief in this federal petition claiming that his right to effective assistance of trial counsel was violated and that the indictment was fundamentally defective.  Pet. 6, ECF No. 1.  By order of the court, petitioner was permitted to abandon both claims and proceed on an amended ground for relief claiming his trial counsel provided ineffective assistance.  Order 1-2, ECF No. 17; Pet'r's First Amended Pet. 2, ECF No. 20.

## III.  Rule 5 Statement

The petition is neither successive nor untimely under the federal statute of limitations.  28 U.S.C. § 2244(b), (d).  Respondent claims one or more of petitioner's initial claims are unexhausted and procedurally barred.  Petitioner has abandoned those claims and raises ineffective-assistance claims he asserts are exhausted in state court as required by 28 U.S.C. § 2254(b)-(c).

## IV.  Discussion

### *Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was

3

adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The Act further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the

4

presumption of correctness by clear and convincing evidence. 28
U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal
Appeals denies relief in a state habeas corpus application
without written order, as here, it is an adjudication on the
merits. *Barrientes v. Johnson*, 221 F.3d 741, 779-80 (5th Cir.
2000); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App.
1997).

In this case, the state habeas court entered findings of
fact, which were adopted by the Texas Court of Criminal Appeals.
State Habeas R. 89-93, Ex parte Belson, No. WR-78,215-01.
Petitioner has failed to rebut the state courts' factual findings
by clear and convincing evidence; thus, this court defers to
those findings in addressing petitioner's claims below.

### *Ineffective Assistance of Counsel*

A criminal defendant has a constitutional right to the
effective assistance of counsel at trial. U.S. CONST. amend. VI,
XIV; *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To
establish ineffective assistance of counsel a petitioner must
show (1) that counsel's performance fell below an objective
standard of reasonableness, and (2) that but for counsel's
deficient performance the result of the proceeding would have
been different. *Strickland*, 466 U.S. at 688. Both prongs of the

*Strickland* test must be met to demonstrate ineffective

assistance. *Id.* at 687, 697.

Further, a court must indulge a strong presumption that

counsel's conduct fell within the wide range of reasonable

professional assistance or sound trial strategy. *Id.* at 668,

688-89. Judicial scrutiny of counsel's performance must be

highly deferential and every effort must be made to eliminate the

distorting effects of hindsight. *Id.* at 689. Where the state

courts have applied the *Strickland* attorney-performance standard

to factual findings, a federal court will defer to the state

courts' determination unless it appears the decision was contrary

to or involved an unreasonable application of *Strickland*, or

resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence in the state

court proceedings. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002);

*Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002).

Petitioner claims trial counsel, William Ray, appointed to

represent petitioner on retrial, rendered ineffective assistance

because counsel failed to (1) summon an influential witness whose

testimony would have proved his innocence, (2) conduct a proper

discovery of the case, and (3) properly challenge the defective

6

indictment.[1]  Pet'r's First Amended Pet. 2-6, ECF No. 20.  The

state habeas court conducted a hearing by affidavit, and counsel,

who has specialized in criminal law since 1990, responded to his

claims, supported by documentary evidence, in relevant part, as

follows:

> Concerning the lack on my part to contact an
> influential witness, . . . Applicant gave me a name,
> Chris Barbas or Barras, who supposedly could testify
> about the irregular proceedings concerning
> Applicant[']s statement to the police.  Applicant had
> mentioned this witness without a name in his letter
> dated July 25, 2007, and then named him in the letter
> he sent me dated February 28, 2008.  In preparing for
> trial I visited Applicant in the jail and we discussed
> this witness.  My notes from a consultation with
> Applicant in the jail on March 25, 2008, and my
> subsequent letter to Applicant, dated April 14, 2008,
> confirm my belief that we, Applicant and I, decided to
> not call this witness, in that Applicant's statement
> would be usable against him when he testified anyway.
> Any illegality of his arrest would not have mattered.
> Thus, Applicant's witness was not summoned based on
> trial strategy, and Applicant had an active part in
> that decision.

> Additionally, Applicant's statement . . . was not
> admitted into evidence.  Any impropriety in Applicant's
> arrest made no difference, in that the only arguably
> improper evidence obtained was the statement.

---

[1]To the extent petitioner's claims were not raised in the
state courts and/or exceed the scope of the claims presented in
the state courts, the claims are unexhausted and, therefore, not
addressed herein, absent a showing of cause for the default and
prejudice to the petitioner.  *McCray v. Thaler*, Nos. 4:12-CV-576
& 4:12-CV-578-A, 2013 WL 1749503, at *8 (N.D.Tex. Apr. 23, 2013).

> Regarding the indictment, Applicant's complaint
> appears to be that he felt he could not be charged with
> burglary unless some actual sexual assault occurred.
> Not only is this an incorrect statement of the law, the
> indictment is not required to make such an allegation.
> I do not believe there was a problem with the
> indictment.

State Habeas R. 31-32, Ex parte Belson, No. WR-78,215-01.

The state court clearly found counsel's affidavit credible,

and supported by the record, and entered findings consistent with

the affidavit.  *Id.* at 89-93.  Specifically, the habeas court

found–

> . . .

> 7.   In preparation for the applicant's re-trial, Mr.
>      Ray had psychiatric evaluations conducted to
>      determine the applicant's competency and sanity
>      and whether he suffered from mental retardation.

> . . .

> 9.   Mr. Ray evaluated the applicant's indictment and
>      determined that the indictment was proper.

> 10.  Mr. Ray was not required to make frivolous
>      objections to a valid indictment.

> 11.  The applicant provided Mr. Ray with the name of a
>      witness (Chris Barbas or Barras) who supposedly
>      could provide testimony about irregularities in
>      the applicant's statement to the police.

> 12.  Mr. Ray met with the applicant to discuss Mr.
>      Barbas' potential testimony.

> 13.  Mr. Ray and the applicant decided not to call Mr.
>      Barbas because his testimony would not have made

8

the applicant's statement inadmissible.

14. Mr. Ray and the applicant together made the decision not to call Mr. Barbas as a matter of trial strategy.

15. The applicant's statement was not admitted into evidence which rendered any testimony by Mr. Barbas irrelevant.

16. Mr. Ray reasonably investigated the applicant's case and fully prepared for the applicant's re-trial.

17. The decision not to call Mr. Barbas was reasonable trial strategy.

18. Mr. Ray provided the applicant with adequate representation guaranteed by the Sixth Amendment.

19. The following evidence undercuts any likelihood that the outcome of this case would have been different with another counsel or if Mr. Ray had represented the applicant in another manner at his re-trial:

    a. For several months, the applicant would regularly walk past [the victim's] house when she was outside and stare at her.

    b. On November 2, 2004, around 1:00 a.m., [the victim] was awakened in her bedroom by her dog barking and growling.

    c. [The victim] noticed a light at the foot of her bed, and encountered the applicant in her hallway.

    d. The applicant told [the victim] that he was not there to hurt her, but that her front door was open and that someone could have come in and raped her.

e.   [The victim] did not believe that the
     applicant was genuinely concerned or was
     there simply to warn her about a danger.

f.   [The victim] tried to move toward her
     front door, but the applicant had a
     "very strong hold" of her arm.

g.   The applicant asked [the victim] if she
     had five minutes to talk, and slammed
     the door shut.

h.   The applicant stopped smiling and pinned
     [the victim] against a wall.

i.   [The victim] felt sure that the
     applicant was going to rape her, and was
     scared to death.

j.   The applicant told [the victim] that he
     had a sexual fantasy dream about her.

k.   The applicant became physically
     aggressive by grabbing [the victim] on
     her rear end over her pajama pants and
     placing his hand on her crotch.

l.   The applicant ordered [the victim] to
     perform oral sex and exposed his erect
     penis.

m.   [The victim] managed to leap around the
     applicant and reach her telephone to
     call 9-1-1.

n.   [The victim] eventually pushed the
     applicant out the front door and locked
     it.

20.  Given the evidence showing the applicant entered
     [the victim's] house without her consent and with
     the intent to sexually assault her, there is no
     reasonable probability that the jury would have

10

reached a different result or verdict with counsel other than Mr. Ray.

21. The applicant was not denied effective assistance of counsel at his re-trial.

*Id.* 89-93 (citations to the record omitted).

Based on those findings, and applying the *Strickland* standard, the state court concluded that counsel adequately and independently investigated petitioner's case, fully and adequately prepared for petitioner's retrial, decided not to call Barbas as a witness as a matter of trial strategy, and properly refrained from challenging the indictment. *Id.* 94. The court further concluded that petitioner failed to show he received effective assistance of counsel during his retrial or a reasonable probability that, but for counsel's allege acts of misconduct, the result of his trial would have been different. *Id.* 94-95.

Petitioner has presented no argument in this federal habeas action that could lead the court to conclude that the state courts unreasonably applied the standards set forth in *Strickland* based on the evidence presented in state court. 28 U.S.C. § 2254(d). Applicant's claims are largely conclusory or speculative with no legal or evidentiary basis, contradicted by the record, or involve strategic decisions by counsel, which are

11

either insufficient to raise a constitutional issue and/or
outside this court's preview on federal habeas review. *See*
*Strickland,* 460 U.S. at 689 (holding strategic decisions by
counsel are virtually unchallengeable and generally do not
provide a basis for post-conviction relief on the grounds of
ineffective assistance of counsel); *Woodfox v. Cain*, 609 F.3d
774, 808 (5th Cir. 2010) (providing "[c]laims of uncalled
witnesses are not favored on federal habeas review because the
presentation of witnesses is generally a matter of trial strategy
and speculation about what witnesses would have said on the stand
is too uncertain"); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th
Cir. 1998) (holding conclusory arguments are insufficient to
support claim of ineffective assistance); *Johnson v. Cockrell*,
306 F.3d 249, 255 (5th Cir. 2002) (concluding that counsel is not
required to make futile motions or objections).

　　　For the reasons discussed herein,

　　　The court ORDERS the petition of petitioner for a writ of
habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby,
denied.

　　　Pursuant to Rule 22(b) of the Federal Rules of Appellate
Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases
in the United States District Court, and 28 U.S.C. § 2253(c), for

the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED May ____12____, 2014.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE